IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RONALD W. HYDE, # M-38869,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-1139-JPG |
| | ) | |
| **LASHBROOK,** | ) | |
| **EDWARDS,** | ) | |
| **SPILLER,** | ) | |
| **and CHRISTINE BROWN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER TO SHOW CAUSE

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He raises several complaints relating to the conditions of his confinement and his indigent status. These include claims that he has been improperly charged medical co-payments, has been denied sufficient hygiene supplies and clothing, and has been denied prescription sunglasses for his retinal degeneration. He also asserts that the denial of his request for the sunglasses was in retaliation for his protected activity of filing civil lawsuits.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. However, in the course of conducting this review, it has come to the attention of the Court that Plaintiff appears to have deceived the Court as to his eligibility to proceed in this action *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff does not have sufficient funds to pay the full filing fee in advance, thus his motion to proceed IFP was granted on October 28, 2015 (Doc. 8). Upon further review, it is apparent that the information Plaintiff provided regarding his prior litigation activity was incomplete. In the section of the complaint form where he was instructed to list all of his previous lawsuits, he referenced only one pending case in the Northern District of Illinois, *Hyde v. Williams, et al.*, Case No. 15-cv-6414 (Doc. 1, p. 4). He also included among his exhibits some documents from a second pending case, *Hyde v. Doe, et al.*, Case No. 15-cv-3014 (C.D. Ill.).

In fact, Plaintiff's litigation activity includes two more cases he filed this year during his incarceration in Illinois, but failed to disclose: [1] *Hyde v. Thirolf, et al.*, Case No. 15-cv-670 (D.C.D.C., dismissed April 30, 2015, for failure to state a claim upon which relief may be granted), and *Hyde v. Godinez, et al.*, Case No. 15-cv-3071 (C.D. Ill., dismissed Oct. 8, 2015, for failure to state a claim).[2] Furthermore, it appears that Plaintiff was incarcerated in 2012 in the Metro-Davidson County Detention Facility in Nashville, Tennessee, where, within the space of four months, he filed no fewer than twelve civil lawsuits. These cases were brought in the Middle District of Tennessee, and four of them were dismissed for failure to state a claim upon

---

[1] Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).
[2] It is likely that Plaintiff was not aware of the October 5 dismissal of this case when he signed the instant complaint on October 6, 2015 (Doc. 1, p. 11). Nonetheless, he failed to include any information in his complaint about this case, which he filed on March 4, 2015.

which relief may be granted: *Hyde v. Shaw Vending*, Case No. 12-cv-363 (M.D. Tenn., dismissed April 11, 2012); *Hyde v. Leibach*, Case No. 12-cv-366 (M.D. Tenn., dismissed April 11, 2012); *Hyde v. Perry*, Case No. 12-cv-367 (M.D. Tenn., dismissed April 11, 2012); and *Hyde v. Corlew*, Case No. 12-cv-365 (M.D. Tenn., dismissed April 12, 2012). After incurring these strikes, the Middle District of Tennessee denied Plaintiff's application to proceed IFP in his later-filed cases, pursuant to 42 U.S.C. 1915(g). *See Hyde v. Hagstrom, et al.*, Case No. 12-cv-518 (M.D. Tenn., Doc. 3, May 25, 2012).

The Court has concluded that Plaintiff is the inmate who incurred these four strikes in the Middle District of Tennessee, based on an examination of the pleadings filed in those cases. Each of the Tennessee cases includes the Jail inmate number of 451525. These documents include Plaintiff's full name, Ronald William Hyde, just as Plaintiff listed his name in the instant case (Doc. 1, pp. 1, 11). He signs his name as "Ronnie Hyde" on his pleadings, motions, and letters in both courts. *Id*. His handwriting is distinctive, and appears to be identical in both the Tennessee pleadings and those filed in this Court. Based on a review of these records, the Court is satisfied that Plaintiff has accumulated six "strikes" for purposes of § 1915(g) prior to the time he filed the instant case. As a result, he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The pleadings in the instant case do not suggest that Plaintiff faces such imminent danger. The only danger of physical harm he mentions is the alleged risk that he may eventually lose his eyesight if he is not able to obtain and wear the special sunglasses recommended by an outside eye doctor. While this is a potentially serious risk, Plaintiff's allegations do not suggest that the danger is "imminent" within the meaning of § 1915(g). Accordingly, the Court may

revoke his IFP status.[3]

The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), thus, there is a need for correct and complete information about prior litigation. Where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the tribunal. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). *See also Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).

Plaintiff here requested, and was granted, leave to proceed IFP. At the time his IFP motion was granted, the Court was not aware that Plaintiff had "struck out," because he failed to disclose the majority of his prior litigation activity, and gave no information on any of the strikes he incurred in Tennessee or the District of Columbia. Based on the authority summarized above, this action is subject to dismissal as a sanction for Plaintiff's omission of this critical information from his pleading. Out of an abundance of caution, Plaintiff shall be allowed an opportunity to show cause why this action should not be dismissed, before the Court imposes this sanction.

**Order to Show Cause**

**IT IS THEREFORE ORDERED** that Plaintiff shall submit a written statement to the Court to: (1) explain why he failed to list his full litigation history in his complaint; (2) to show

---

[3] A litigant who is denied leave to proceed IFP must pay the full civil filing fee of $400.00, which includes a $50.00 administrative fee assessment to non-indigent litigants. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

cause why this Court should not dismiss this case as a sanction for his failure to provide full and accurate information on his previous cases and "strikes." Plaintiff **SHALL SUBMIT** his response within 21 days of the date of this order (**on or before November 27, 2015**). Failure to file a response shall result in the dismissal of this action with prejudice. *See* FED. R. CIV. P. 41(b). An unsatisfactory response shall also result in the dismissal of this case.

Plaintiff's motion seeking injunctive relief (Doc. 7) shall be held in abeyance pending the receipt of his response to the order to show cause.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 5, 2015**

*s/J. Phil Gilbert*
United States District Judge