IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD W. HYDE, # M-38869,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-1139-JPG |
| ) | |
| **LASHBROOK,** ) | |
| **EDWARDS,** ) | |
| **SPILLER,** ) | |
| **and CHRISTINE BROWN,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. On October 14, 2015, Plaintiff initiated this *pro se* civil rights action under 42 U.S.C. § 1983, and applied for leave to proceed *in forma pauperis* ("IFP"). His motion to proceed IFP was granted on October 28, 2015 (Doc. 8). Plaintiff's complaint, however, failed to disclose the fact that before bringing this case, he had already accumulated five "strikes" within the meaning of 28 U.S.C. § 1915(g), and is thus ineligible to proceed IFP unless he is in imminent danger of serious physical injury.

Upon discovering this fact, the Court determined that Plaintiff was not entitled to proceed IFP in this case. Further, the Court ordered Plaintiff to show cause why this case should not be dismissed as a sanction for his misrepresentation of his prior litigation activity (Doc. 10). *See* FED R. CIV. P. 11; *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of

court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).

Plaintiff's responses to the show cause order have not altered the Court's conclusion that dismissal is warranted in this case, for Plaintiff's failure to provide full and accurate information on his previous cases and "strikes" (*see* Docs. 11, 12, 13, 14).  Plaintiff's December 4, 2015, deadline for any further response has passed with no additional communication from him.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** as a sanction for Plaintiff's failure to disclose his litigation activity, and fraudulently obtaining approval to proceed IFP herein.  Plaintiff's motion seeking injunctive relief (Doc. 7) is **DENIED AS MOOT**.

This dismissal shall not count as another "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's pauper/IFP status is **REVOKED**. Accordingly, he must pay the full $400.00 filing fee for this action.  To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available.  If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full.  The agency having custody of Plaintiff shall forward these payments from Plaintiff's trust fund account to the Clerk of this Court each time Plaintiff's account exceeds $10.00, until the $400.00 fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box

249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Pinckneyville Correctional Center upon entry of this Order.  This payment order shall supersede the IFP order at Doc. 8.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

    **IT IS SO ORDERED.**

    **DATED: January 13, 2016**

    *s/J. Phil Gilbert*
    United States District Judge